UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN A. McINTOSH,

                        Plaintiff,           DECISION AND ORDER

-vs-

                                        21-CV-6075 (CJS)

DAVID PRULL II *et al.*,

                        Defendants.

_____

## INTRODUCTION

Now before the Court is John A. McIntosh's ("Plaintiff") amended *pro se* complaint. [ECF No. 10]. For the reasons discussed below, Plaintiff's complaint [ECF No. 10] is dismissed with prejudice. The Clerk is directed to close this case.

## BACKGROUND

Plaintiff asserts multiple claims, stemming from a series of incidents that occurred between January 26, 2018 and February 14, 2018, against Defendants David Prull II and Monroe County Sheriff deputies 1–30. Am. Compl., Dec. 27, 2021, ECF No. 10. Plaintiff summarizes the relevant facts as follows:

> On . . . January 26, 2018, Officer Prull put me in the back of a police car. I was loud and made a ruckus while I was back there and I said . . . he did not have any right to arrest me. I told him and a female officer I wanted out of the car. I told him and the female officer that they didn't know what they were doing as in that they do not know how to perform their job properly. I told each of them that I wanted out of the car and the handcuffs taken off. I told each of them that the cuffs were too tight and that one of my hands especially was hurting and numb . . . . I was held at Monroe County jail for about 2 weeks.
>
> * * *
>
> . . . . For the first week, I was housed at the intake level in solitary confinement. When I first got there one officer was especially abrasive to

> me because I would not give them permission to give me a PPD which is a test for [tuberculosis or "TB"]. I was dying of thirst, and he would show me a milk and then ask me if I was going to take the TB shot, and when I said no, he threw it in the garbage. I was dying of thirst and food and I got nothing for more than the first day and night. There was a water fountain at the top of the toilet, but . . . it is not unheard of for an inmate to smash feces in the hole the water comes out . . . .
>
> The main torture I received was that on a Friday at dinner time about, I had a tooth become infected and become extraordinarily painful. I told all the guards, but they would not take me to get any substantial medical treatment. My dentist, who was not my usual dentist . . . had told me days before that a filling he did for me had gone wrong and would likely become infected . . . I told the deputies to shoot me instead of torturing me as disturbing as that is to reveal . . . .
>
> While I was at MCJ, I supposedly had trial, and my mom and dad came to the jail immediately upon my incarceration and several times there after to pay the bail but the jail would not accept the bail because Justice Bayly had instructed the jail to not let me be released until a 730 examination had been done.

Am. Compl. at 2–8.

Plaintiff filed his original complaint [ECF No. 1] on January 27, 2021 along with an *in forma pauperis* motion [ECF No. 2]. The Court granted the *in forma pauperis* motion but screened out many of Plaintiff's original claims. Dec. and Order, June 9, 2021, ECF No. 3. Plaintiff was given leave to replead the claims against Defendants David Prull II and Monroe County Sherriff Deputies 1–30. *Id.*

## LEGAL STANDARD

The determination of whether an *in forma pauperis* plaintiff should be permitted to proceed under 28 U.S.C. § 1915 involves two separate considerations. *Pace v. Waterbury Police Dep't*, No. 3:17CV00426(DJS), 2017 WL 1362683, at *1 (D. Conn. Apr. 12, 2017). First, the Court must determine whether the plaintiff satisfies the statutory requirements to proceed with the action without prepaying the filing fee in full. *See* 28 U.S.C. § 1915(a).

2

Second, the Court must review the complaint to determine whether the plaintiff has stated a cognizable, non-frivolous claim. *Pace* at *1. The Court must dismiss the case if it determines that the case "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The Court is obliged to construe *pro se* pleadings liberally, and interpret them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Nevertheless, to state a claim on which relief may be granted, *pro se* plaintiffs must still comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. To satisfy Rule 8, the Supreme Court has held that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. It requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Twombly*, 550 U.S. at 556. Where a court is unable to infer more than the possibility of misconduct based on the pleaded facts, the pleader has not demonstrated that he is entitled to relief and the action is subject to dismissal. *Iqbal*, 556 U.S. at 678. When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), *cert. denied*, 531 U.S. 1052 (2000).

DISCUSSION

With respect to the first consideration, as noted above the Court has already found that Plaintiff satisfies the requirements to proceed in forma pauperis laid out in 28 U.S.C. § 1915(a). ECF No. 3. With respect to the second consideration – whether Plaintiff has stated a cognizable, non-frivolous claim – the Court has reviewed Plaintiff's amended complaint, and interprets Plaintiff's claims as brought pursuant to 42 U.S.C. § 1983.

To state a § 1983 claim, a claimant must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). For the reasons that follow, the Court finds that Plaintiff has failed to state a claim, under § 1983 or any other relevant authority, upon which relief can be granted.

<u>Plaintiff's Claims Against Monroe County Sheriff Deputies 1–30 must be dismissed</u>.

Plaintiff cites multiple grievances against Sheriff Deputies 1–30, which this court construes as § 1983 claims of denial of medical care, and unconstitutional conditions of confinement. Am. Compl. at 5-7. Each of those claims must be dismissed.

*Denial of Medical Care*

A § 1983 claim for a denial of medical care requires the Plaintiff to demonstrate: (1) that an official "denied [him] treatment needed to remedy a serious medical condition," and (2) that the official did so "because of his deliberate indifference to that need." *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996). In that regard, Plaintiff evidently developed a

toothache while in jail, and his repleaded complaint against Sheriff Deputies 1–30 [ECF No. 10] alleges:

> While I was in the Bug out pit I gave a grievance to a 'white shirt' and complained about my tooth and my lack of treatment and proper care among other things including not being let out of my cell for almost a week.

[ECF No. 10].

Plaintiff's toothache, however, was not sufficiently serious to rise to the level of a constitutional claim. The serious medical need requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. *Banks v. Mannoia,* 890 F. Supp. 95, 99 (N.D.N.Y. 1995). The types of conditions which have been held to meet the constitutional standard of "serious medical need" include a brain tumor, a broken hip, premature return to prison after surgery, diabetes requiring special diet, a bleeding ulcer, and loss of an ear. *See Banks,* 890 F. Supp. at 99 (collecting cases). Plaintiff's allegation of a toothache is far from the serious medical problems listed above. Rather, it is closer to those conditions which have been held to fall short of the constitutional standard, such as a mild concussion, a broken jaw, cold symptoms, headaches, a broken finger, a toothache, or "bowel problems." *Banks*, 890 F. Supp. at 99 (collecting cases). Therefore, the Court finds that Plaintiff's condition was not sufficiently serious to meet the constitutional standard, and his claim for denial of medical care must be dismissed.

*Unconstitutional Conditions of Confinement*

Plaintiff also claims that an officer was abusive to him while he was housed at the intake level in solitary confinement when the officer showed him a milk and would not give it to him unless he took a purified protein derivative ("PPD") test for latent tuberculosis, that he got nothing to eat or drink for more than the first day, and that he believed feces

may have been smeared on the hole of the water fountain above the toilet. Am. Compl. at 5.

Plaintiff's amended complaint against Sheriff Deputies 1–30 [ECF No. 10] fails to show unconstitutional conditions of confinement. As a pretrial detainee, Plaintiff's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro,* 849 F.3d 17, 29 (2d Cir. 2017). Both standards require an objective component that considers the nature of the dangers created by the conditions alleged. *See Kingsley v. Hendrickson,* 576 U.S. 389, 398 (2015). In addition, there is a subjective component that addresses whether a defendant possessed the requisite state of mind:

> [T]o establish a claim for deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment, the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

*Darnell,* 849 F.3d at 35. Each condition "must be measured by its severity and duration, not the resulting injury . . . ." *Darnell*, 849 F.3d at 31-32.

Plaintiff's allegations fall short of sufficiently serious conditions of confinement, and do not support an inference of deliberate indifference. With respect to being denied food for a day, and tempted with milk in return for a tuberculosis test, "Plaintiff's broad allegations regarding the deprivation of food . . . over a relatively brief, finite period . . . fail to rise to a level sufficient to sustain a claim for due process violation under the Fourteenth Amendment." *Ambersile v. Prisoner Transp. Serv. Of Am.,* LLC,

917CV0564TJMDEP, 2019 WL 1024183, at *12 (N.D.N.Y. Mar. 4, 2019), *report and recommendation adopted*, 917CV0564TJMDEP, 2019 WL 1368860 (N.D.N.Y. Mar. 26, 2019).

Further, Plaintiff's claim regarding his decision not to drink water from the fountain over the toilet due to his belief that feces was in the hole does not state a claim. To begin with, Plaintiff's claim is inadequate because his potential exposure to the condition was of limited duration and only speculates as to the existence of feces in the water fountain, without alleging the condition definitively. *See Myers v. City of New York,* No. 11 Civ. 8525(PAE), 2012 WL 3776707, at *7 (S.D.N.Y. Aug. 29, 2012)*, aff'd,* 529 Fed.Appx. 105 (2d Cir.2013) (finding no claim where the condition did not last "at least for multiple days"); *Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level")*.* Moreover, Plaintiff never indicates that he alerted anyone to the presence of the condition, leaving no plausible basis to support an allegation of deliberate indifference. Therefore, the Court finds that these claims must be dismissed for failure to show unconstitutional conditions of confinement.

Plaintiff's Claims Against David Prull II

Plaintiff also cites multiple grievances against David Prull II ("Officer Prull"), which this court construes as § 1983 claims of false arrest, false imprisonment, excessive force (handcuffs), and illegal search. Am. Compl. at 1–3. Each of those claims must be dismissed because Plaintiff's allegations do not satisfy the pleading standards of Rule 8 of the Federal Rules of Civil Procedure.

*False Arrest / False Imprisonment*

The standards regarding § 1983 claims for false arrest and false imprisonment are identical. *Hall v. Brown*, 489 F. Supp.2d 166, 173 (N.D.N.Y.2007) ("In terms of § 1983, [false arrest and false imprisonment] are treated as a single tort."). Claims for false arrest / false imprisonment may be brought pursuant to § 1983 because they implicate the Fourth Amendment's protection of an individual's liberty interest with respect to criminal prosecutions. *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995). To state such a claim, a plaintiff must allege that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Colon v. City of Rochester*, 419 F. Supp.3d 586, 596 (W.D.N.Y. 2019) (citing *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019).

In the present case, Plaintiff bases his claim of false arrest / false imprisonment on overhearing Officer Prull "arguing about what to charge me with" and he gave Plaintiff a look that "messaged to me . . . that he was going to do whatever he could to 'get' me." Am. Compl. at 3. These allegations, like the ones made in Plaintiff's original complaint [ECF No. 2], are precisely the type of "naked assertion[s] devoid of further factual enhancement" that the Supreme Court has rejected as insufficient to adequately state a claim. *Iqbal,* 556 U.S. at 677. Specifically, Plaintiff fails to specify what the stated grounds for his arrest actually were, and why the deprivation of his liberty was unreasonable. *See Walker v. Sankhi,* 494 F. App'x 140, 142 (2d Cir. 2012) ("To state a valid claim for false arrest . . . under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment . . . ."). Having already afforded Plaintiff the opportunity

8

to replead his claim to address the plausibility issues with his original complaint, the Court finds that the false arrest claim must be dismissed for failure to state a claim.

### *Excessive Force*

It is well established that the right to make an arrest carries with it the right to use some degree of physical coercion. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Frequently, a reasonable arrest involves handcuffing the suspect, and to be effective handcuffs must be tight enough to prevent the arrestee's hands from slipping out. *Esmont v. City of New York*, 371 F. Supp.2d 202, 214–15 (E.D.N.Y. 2005) (citation omitted). The reasonableness of the handcuffing of an arrestee must be determined in light of the minimal amount of force necessary to maintain custody of him or her. *Id.* (citing *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002)). In addition, in evaluating the reasonableness of handcuffing, a Court is to consider evidence that: 1) the handcuffs were unreasonably tight; 2) the defendants ignored the arrestee's pleas that the handcuffs were too tight; and 3) the degree of injury to the wrists. *Id.*

Plaintiff does allege that officer Prull fastened the handcuffs too tight, and that he complained to Officer Prull about the tightness. He states "I told each of them that the cuffs were too tight and that one of my hands especially was hurting and numb." Am. Compl. at 2. However, Plaintiff fails to allege he sustained an injury beyond temporary discomfort from the tight handcuffs. *See, e.g.*, *Lynch v. City of Mount Vernon*, 567 F. Supp.2d 459,468 (S.D.N.Y. 2008) (stating there is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort). Therefore, the Court finds that these claims must be dismissed for failure to state a claim.

*Illegal Search*

The Fourth Amendment protects against illegal searches. U.S. Const. amend. IV. "A 'search' in the context of the Fourth Amendment occurs when the police intrude upon a person's reasonable expectation of privacy or if the police otherwise trespass upon one's person, house, papers, or effects for the purpose of acquiring information." *Jennings v. Decker*, 359 F. Supp.3d 196, 207–08 (N.D.N.Y. 2019) (citing *Conroy v. Caron*, 275 F. Supp.3d 328, 340 (D. Conn. 2017); *Florida v. Jardines*, 569 U.S. 1 (2013)). Nevertheless, "it is well-established that a lawful custodial arrest permits police officers to conduct a full search of "the arrestee's person and the area 'within his immediate control.'" *United States v. Galan*, No. 14-CR-450 RRM, 2015 WL 1602151, at *8 (E.D.N.Y. Apr. 9, 2015) (quoting *Arizona v. Gant*, 556 U.S. 332, 339 (2009)).

Plaintiff's claim for illegal search is based on his statement, "I said that he did not have any right to arrest me . . . Officer Prull had taken everything out of my pockets before I was put in the back of the police car, and he put everything he took from me I think on the top part of the hood of the car." Am. Compl. at 1–3. Notwithstanding Plaintiff's conclusory assertions that he was falsely arrested, his allegations do not plausibly suggest that Officer Prull's search of Plaintiff extended beyond what was necessary in the interest of officer safety. *See United States v. Davis*, 111 F. Supp.3d 323, 336 (E.D.N.Y. 2015) (citing *Riley v. California*, 573 U.S. 373, 387 (2014)). Consequently, the Court finds that this claim must be dismissed for failure to state a claim.

## CONCLUSION

The Court has already provided Plaintiff with an opportunity to amend his complaint to state a claim. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)

("a pro se plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim"). Accordingly, it is hereby

ORDERED that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's amended Complaint [ECF No. 10] is dismissed with prejudice for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   March 15, 2022
         Rochester, New York

ENTER:

*[signature]*
Hon. Charles J. Siragusa
UNITED STATES DISTRICT JUDGE